UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION

| | |
|---|---|
| THE AMERICAN REGISTRY OF RADIOLOGIC TECHNOLOGISTS  Plaintiff,  v.  LEMESHA CANNON A.K.A. LEMESHA "LORI ANN" CANNON A.K.A. LEMESHA "LORI" CANNON  Defendant. | Case No. 2:22-cv-02825-JPM-tmp |

### ORDER GRANTING PLAINTIFF'S REQUEST FOR ATTORNEYS' FEES AND COSTS

This matter came before the Court on Plaintiff, The American Registry of Radiologic Technologists' ("AART" or "Plaintiff"), Motion for Default Judgment and Permanent Injunction (ECF No. 19) (the "Motion") and accompanying Memorandum in Support (ECF No. 20) and Affidavit. (ECF No. 21.) On October 16, 2023, this Court granted the Motion, but ordered the Plaintiff to "submit the evidence substantiating its claim for reasonable attorney fees and costs," to determine if the attorney fees and costs requested in the Motion should be granted. (ECF No. 29 at PageID 265.) Plaintiff submitted an Affidavit accompanied by the Memorandum of Support for its request on October 27, 2023. (ECF No. 30.) For the reasons specified below, the attorney fees and costs requested by the Plaintiff are **GRANTED**.

Section 35 of the Lanham Act allows an award of costs for "a violation of any right of the registrant of a mark registered in the Patent and Trademark Office." 15 U.S.C. § 1117(a). Here, Plaintiff asks for the Court to award the costs for process server fees and filing fees totaling $1,132.00. Pursuant to 28 U.S.C. § 1921(a)(1)(A) (for process server fees) and 28 U.S.C. §

1920(1) (for filing fees) both of these fees are fully recoverable. The Plaintiff is thus awarded the costs totaling $1,132.00.

The Lanham Act also allows for an award of attorneys' fees "in exceptional cases." Id. When determining whether trademark case is "exceptional," for purpose of awarding attorney fees to prevailing party, court focuses on act of infringement when plaintiff prevails and act of litigation when defendant prevails. Eagles, Ltd. v. Am. Eagle Found., 356 F.3d 724, 728 (6th Cir. 2004). When the Plaintiff prevails, as is the case here, the award of attorney fees is appropriate "if the infringement is 'malicious, fraudulent, willful, or deliberate." Id. at 729 (citations omitted).

Here, Plaintiff clearly demonstrated through its briefings and during the Hearing held on October 10, 2023 (ECF No. 27), that Defendant knowingly and intentionally misused the ARRT Trademarks.  (See e.g., ECF No. 20 at PageID 174-9.)  Furthermore, even after obtaining a notice of this suit, Defendant proceeded to commit new wrongful acts of infringement.  (Id. at PageID 177-9.)  The record therefore shows that Defendant's acts are not only fraudulent, but also willful and deliberate.  Given that the fraud perpetrated by the Defendant also places her in medical jobs that have the ability to affect individuals' health, the Court could go as far as finding the Defendant's actions malicious.  Especially given the ability of those actions to put the health of others at risk.  The Court thus finds that the trademark case at issue is indeed exceptional for the purpose of awarding attorney fees to Plaintiff.

Before awarding attorney fees, however, the Court also needs to determine if the requested attorney fees are reasonable.  When determining the reasonableness of attorneys' fees to be awarded to a prevailing party, courts in this District use the lodestar analysis established in Hensley v. Eckerhart. See 461 U.S. 424 (1983).  As Supreme Court in Hensley explains, "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably

expended on the litigation multiplied by a reasonable hourly rate." 461 U.S. at 433.  Prior to any award of fees, "a district court must conclude that the fee applicant has sufficiently documented his time and hourly rate."  Keener v. Dep't of Army, 136 F.R.D. 140, 146 (M.D. Tenn. 1991) (citing United Slate, Tile, & Composition Roofers, Damp & Waterproof Workers Ass'n, Loc. 307 v. G & M Roofing & Sheet Metal Co., 732 F.2d 495, 502-502 n. 2 (6th Cir. 1984)). The proof submitted "must be detailed enough for a district court to determine with a high degree of certainty that the time claimed was actually and reasonably spent." Id. at 147. Although Courts should exclude hours that were not deemed reasonable, "trial courts need not, and indeed should not, become green-eyeshade accountants" to determine what individual expenditures were reasonable in each case. Williams v. Shelby Cty. Sch. Sys., 2019 U.S. Dist. LEXIS 20004, 2019 WL 490354 at *2 (W.D. Tenn. February 7, 2019) (quoting Ohio Right to Life Soc'y., Inc. v. Ohio Elections Comm'n, 590 F. App'x 597, 603 (6th Cir. 2014)).

Here, Plaintiff set out in detail the time entries, including date, hours worked, and brief description of each task accomplished for the purposes of this litigation.  (ECF No. 30-1.)  After having reviewed the entries, the Court concludes that in light of the complexity of this litigation the hours worked were reasonable.  Furthermore, as outlined in the Declaration of Payton George, the three attorney's experience justified the hourly rates for each of the attorneys.  The Court thus concludes that the requested attorney fees were also reasonable.  The Court thus awards to Plaintiff the requested attorney fees.

For the reasons set forth above, the Court **ORDERS** as follows:

1. Plaintiff's request for costs in the amount of $1,132.00 is **GRANTED**.

2. Plaintiff's request for attorney fees in the amount of $53,396.00 is **GRANTED**.

**IT IS SO ORDERED**, on this 18th day of April, 2024.

                              /s/ Jon P. McCalla
                              JON PHIPPS McCALLA
                              UNITED STATES DISTRICT JUDGE